| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |  | |
|---|---|---|---|
| MACEO STROTHER, | § | | |
| | § | | |
| Movant, | § | | |
| | § | | |
| versus | § | CIVIL ACTION NO. 4:21-CV-564 |
| | § | (4:17-CR-79(1)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ORDER**

Pending before the court is Movant Maceo Strother's ("Movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (#1). The Government filed a Response in opposition (#16). Movant has yet to file a reply. Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.  Background

On May 10, 2017, Movant was charged in a one-count Indictment with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Strother*, 4:17-CR-79(1) (#1). At his Initial Appearance on February 13, 2018, Movant advised the court that he retained attorney Paul Morgan ("Morgan") as counsel to represent him in his criminal proceedings (#7). On July 30, 2018, Morgan filed a Motion for Continuance (#58) and a Motion to Withdraw as Counsel (#59). In the latter motion, counsel provided the following reasons:

(2) This case is presently set for Pre-Trial Conference and Jury Trial on August 6, 2018.

(3) At approximately 10:00 a.m. on July 25, 2018, the Government provided the undersigned counsel with audio tape recordings of jailhouse phone

|   |   |
|---|---|
|   | conversations that the Government alleges are between [Movant] and a female the Government has indicated that it intends to call as a witness in the trial of this matter. |
| (4) | The Government alleges that the jailhouse phone conversations indicate or reflect that [Movant] was allegedly attempting to influence the purported witness' testimony in this matter. |
| (5) | The Government has further represented that there are several hundred hours of available jail calls.  Several of which have been designated as relevant evidence. |
| (6) | The Government has further indicated or insinuated to the undersigned counsel that the Government believes that the undersigned counsel is a "witness" in some way, shape or form to the alleged attempt by [Movant] to influence the witnesses testimony in this matter. |
| (7) | The testimony that the undersigned counsel would be required to give, as indicated by the Government, at the trial of this case does not relate to an uncontested matter, a matter of mere formality, or the nature and value of legal services provided by counsel, nor is the prospective testimony cumulative of other evidence that may be offered at trial. |
| (8) | The undersigned counsel cannot effectively cross-examine a witness the Government has subpoenaed and whom the Government believes that counsel himself is a witness against with respect to any alleged attempt by [Movant] to influence in this matter. |
| (9) | The Government's production of these audio tapes at this late date, and its insinuation that the undersigned counsel is a witness to this alleged attempt to influence the witness, and the Court's denial of a continuance in this matter has created an ethical obligation for the undersigned counsel to withdraw as [Movant's] attorney in this matter. |
| (10) | In light of the circumstances set forth above, continued representation of [Movant] would be violative of the Disciplinary Rules of the State Bar of Texas. |
| (11) | Texas Disciplinary Rule of Professional Conduct 3.08(b), which the undersigned is bound by, provides that: "A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure." |

> (12)     The undersigned counsel does not know if [Movant] objects or not to this motion.
>
> (13)     The undersigned counsel will notify [Movant] of his intent to withdraw.

*Id*. Morgan filed a Motion in Limine relating to the jailhouse phone conversations the same day (#63). The next day, the Government filed a Notice of Plea Agreement (#66). Morgan then withdrew his Motion to Withdraw as Counsel on August 1, 2018, in light of the plea agreement, "with reservations subject to refiling." (#71).

The Plea Agreement and Factual Basis were signed and entered August 2, 2018 (#74 & #76). A Change of Plea Hearing was held before Magistrate Judge Christine Nowak the same day where Movant pleaded guilty to the one-count Indictment, pursuant to the non-binding Plea Agreement (#72).[1] Magistrate Judge Nowak entered Findings of Fact and Recommendation on Guilty Plea which were adopted by the court (#77 & #78).

An Initial Disclosure Copy of the Presentence Investigation Report ("PSR") was entered November 1, 2018, recommending Movant receive a three-point reduction for acceptance of responsibility (#83).[2] On November 9, 2018, Morgan filed a First Motion to Continue PSI Proceedings (#84) and a Second Motion Seeking Withdrawal as Counsel (#85), informing the court of the following:

> (4)     The undersigned counsel sponsors that he has attempted to confer with [Movant] concerning the factual accuracy of the [PSR] to no avail.

---

[1] The parties agreed the base offense level would be determined by the court and that a three-level reduction for acceptance of responsibility applied, subject to the recommendation of the United States Probation Office (#74)

[2] It was noted Movant sat for the interview with Probation and admitted the information contained in the Factual Basis & Stipulation was true and correct and assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of the intention to enter a plea of guilty.

 (5) The undersigned sponsors to the Court that during the interim period between the date of [Movant's] plea and the date of filing this motion the attorney-client relationship between the undersigned and [Movant] has deteriorated to such a degree as to mitigate against any hope of obtaining the best possible outcome for [Movant] if [Movant] persists with his present strategy in this matter.

 (6) Moreover, and most importantly, in a jailhouse phone conversation on November 5, 2018, and in a handwritten letter attached as Exhibit A, [Movant] clearly terminated the attorney-client relationship between himself and the undersigned counsel.

 (7) In light of the circumstances set forth above, the continued representation of [Movant] would be violative of his counsel of choice in this matter.

 (8) The undersigned further moves the Court to conduct an indigency hearing to determine [Movant's] eligibility for appointed counsel.

*Id*. In the handwritten letter to Morgan, Movant complained that he disagreed with Morgan's assessment of the *Carr* factors[3] that must be evaluated in determining if a plea can be withdrawn. *Id*. He stated he "made it abundantly clear that [he] never had any knowledge of any firearm being in the vehicle" and that his plea was "100% involuntary on the basis of [Morgan's] personal merit being at stake at the hands of the Gov[ernment] if [Movant] persisted to go to trail [sic]." *Id*.

  The court granted the motion for continuance (#88) and referred the Second Motion Seeking Withdrawal of Counsel to Magistrate Judge Nowak on November 15, 2018 (#90). On November 19, 2018, Movant filed a Motion to Withdraw Defendant's Plea of Guilty and Request to Substitute Defense Counsel (#91). Movant requested to withdraw his guilty plea arguing he was unaware a firearm was in his presence and that his guilty plea was involuntary due to ineffective assistance of counsel. *Id*. The court referred the latter to Magistrate Judge Nowak as well (#92).

---

[3] *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

On November 30, 2018, a hearing was held as to the motion to withdraw as counsel (#96). Magistrate Judge Nowak granted the motion and appointed attorney Ron Uselton ("Usleton") as new counsel. *Id*. The court made no ruling as to Movant's request to withdraw his guilty plea, giving Uselton time to confer with Movant regarding same. *Id*. On December 10, 2018, Uselton filed a Notice Regarding Motion to Withdraw Plea informing the court that Movant still wished to move forward with the Motion to Withdraw Plea after being informed of the consequences and risks of going forward (#99). The Government filed a Response in Opposition on December 11, 2018 (#101). Judge Nowak held a hearing on the motion on December 27, 2018, taking the matter under advisement until such time as Uselton had the opportunity to review recordings of the jailhouse phone conversations and other evidence (#102).

Uselton filed a Notice Regarding Proffered Evidence on January 7, 2019 (#107) and an Amended Notice Regarding Proffered Evidence on January 8, 2019, informing the court that Movant still wished to proceed with his Motion to Withdraw his Guilty Plea even after reviewing the evidence of the jailhouse phone conversations and picture downloads from a cell phone with his new counsel (#108). On January 8, 2019, the court ordered Morgan to file an affidavit, under seal, addressing Movant's claims of ineffective assistance of counsel (#111).[4] The Government filed objections to the PSR on January 10, 2019, objecting to the reduction of three points for acceptance of responsibility and requesting an additional two points for obstruction of justice in light of Movant's request to withdraw his guilty plea and alleged perjury regarding same (#113).

---

[4] At the hearing on the Motion to Withdraw Defendant's Plea of Guilty, the Government requested Morgan provide an affidavit addressing Movant's claims of ineffective assistance of counsel. Morgan, on the advice of his own counsel, requested the court order him to file the affidavit under seal in light of potential ethical violations in improperly disclosing confidential information.

Morgan's sealed affidavit was filed January 14, 2019 (#114).[5] In his affidavit, Morgan informed the court, among other things, that Movant's claim that Movant pleaded guilty to protect him was false. *Id*. Morgan estimated that he held between 15 to 20 conversation with Movant by telephone over the course of his representation, during which they discussed numerous topics related to Movant's case, including the Government's evidence, possible defenses, and the advantages and disadvantages of pleading guilty. *Id*. Morgan stated that Movant admitted that he purchased the firearm in one of their initial conversations and that he had interviewed Movant's girlfriend several times wherein she initially denied knowledge of the gun, then claimed an ex-boyfriend put it in her car, and then claimed ownership of the gun. *Id*. Morgan found Movant's girlfriend not credible and "knew the two subsequent stories were untruthful." *Id*. After Morgan advised Movant that he could not present his girlfriend's false testimony and later raised his concerns that he could not stay on the case if Movant planned to present false testimony, Movant stated that he wanted to plead guilty. *Id*.

Movant then filed a *pro se* filing on January 14, 2019, arguing the cell phone pictures of the firearm were not true images of the firearm found in the vehicle during his arrest and that the text messages were not related to the firearm found in the vehicle during his arrest (#115). Movant also professed his innocence saying he only instructed his girlfriend to "tell the truth" and to not lie about anything. *Id*. According to Movant at this time, the truth was the vehicle belonged to his girlfriend and only she could have knowledge of the vehicle's cargo area contents. *Id*. Movant also filed an affidavit on January 22, 2019, signed by his girlfriend, wherein she

---

[5] While sealed, the substance of the affidavit was discussed in detail in the Fifth Circuit's opinion dated October 9, 2020.

claimed she obtained a gym bag with a disassembled firearm from a man named Carlos Clark, that she left the bag in her car for several weeks, and ultimately assumed responsibility for the gun (#116).

A Final PSR was filed March 13, 2019, removing the three-point reduction for acceptance of responsibility and adding two points for obstruction of justice (#118). Movant filed another *pro se* filing in response to Morgan's affidavit, alleging the Government had schemed to keep Morgan on the case to serve the Government's interests instead of his (#121). Movant also argued Morgan's affidavit was "utterly false" and "marred with conspiratory efforts with the Government attorney to discredit his assertion of innocence." *Id*.

On March 21, 2019, Magistrate Judge Nowak entered a Report and Recommendation, detailing the testimony at the hearing on the Motion to Withdraw Guilty Plea, analyzing the testimony in light of the *Carr* factors, and recommended denying the motion (#122). Movant filed Objections on April 2, 2019 (#124) which were ultimately overruled by the district court on April 8, 2019, in adopting the Report and Recommendation (#126).

Movant was sentenced on April 17, 2019, to a 78-month term of imprisonment (#128) and Judgment was entered on April 21, 2019 (#132). Movant appealed the judgment and on October 9, 2020, the Fifth Circuit Court of Appeals affirmed the conviction and sentence (#146); *see also United States v. Strother*, 977 F.3d 438 (5th Cir. 2020). The Fifth Circuit Court of Appeals outlined all of the foregoing, re-evaluated the *Carr* factors in detail, including Movant's claim of ineffective assistance of counsel as to the plea, and found the district court did not abuse its discretion in denying Movant's motion to withdraw the guilty plea. *Id*.

Movant filed the above-referenced motion to vacate, set aside or correct sentence on July 19, 2021. *Strother v. United States*, 4:21-CV-564 (#1). Movant alleges the following:

1. Counsel was ineffective when he continued to represent Movant despite a conflict of interest;

2. Counsel was ineffective as he failed to discuss the elements of the charge with him;

3. Counsel was ineffective in failing to investigate the case;

4. Counsel was ineffective as his defense strategy differed from Movant's; and

5. Movant's plea was unknowing and involuntary due to the above-referenced ineffective assistance of counsel.

*Id*.

Respondent was ordered to Show Cause on March 13, 2023 (#5) and filed a Response on April 27, 2023 (#6). Respondent argues all of Movant's claims lack merit. *Id*. More than ample time has passed, yet Movant has failed to file a Reply. This motion to vacate, set aside, or correct sentence is now ripe for consideration.

II.   Standard of Review

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute. These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant

can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgression of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 33, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

III.   Analysis

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.; United*

*States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Mere allegations of prejudice are insufficient; the movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A. <u>Voluntariness of the Plea</u>

A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. "This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea[.]" *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (internal and concluding citations omitted). This includes claims regarding a failure to investigate or a failure to challenge police misconduct. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine that the plea represents "a voluntary choice among the

alternative courses of actions open to the defendant." *Id*. 474 U.S. at 56. "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Additionally, the Supreme Court has determined that "the representations of the defendant … [at a plea proceeding] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea … will be upheld on federal review." *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (en banc).

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *See Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989)).

Movant's claims that counsel was ineffective when he continued to represent Movant despite a conflict of interest, that counsel was ineffective when he failed to discuss the elements of the charge with him, and that counsel was ineffective because his defense strategy differed from Movant's are, in essence, challenges to the voluntariness of the plea.[6] On appeal, the Fifth Circuit analyzed the voluntariness of Movant's guilty plea in reviewing the court's denial of the motion to withdraw the guilty plea:

> The sixth *Carr* factor asks whether the defendant's original plea was knowing and voluntary. *Carr*, 740F.2d at 343-44. A guilty plea involves the waiver of constitutional rights, and thus must be "voluntary, knowing, and intelligent." *Lord*, 915 F.3d at 1016 (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). This requires that the defendant understand the nature of the charges against him, the consequences of his plea, and the nature of the constitutional protection that he is waiving. *Urias-Marrufo*, 744 F.3d at 366; *accord Lord*, 915 F.3d at 1016.
>
> In his motion to withdraw, [Movant] asserted that his original plea was involuntary because he received ineffective assistance of counsel and he did not understand the "knowingly possessed" element of his charge. The district court found that [Movant's] plea was given knowingly and voluntarily because [Movant] was advised and understood the essential elements of his charge and the consequences of pleading guilty. We agree.
>
> Prior to his motion to withdraw, [Movant] repeatedly affirmed that he knew that he was in possession of the firearm at the time of his arrest and that he understood the "knowingly possessed" element of his charge. During his plea hearing, [Movant] testified that he knew that he was in possession of the firearm that was found in the trunk of the car. [Movant] further affirmed that he understood each of the essential elements of his charge, including "that the defendant knowingly possessed the firearm as charged." The factual basis of [Movant's] guilty plea, which he affirmed was entirely true and correct during his plea colloquy, read "I, Maceo Strother, knew that I possessed the firearm described above after I had been previously convicted of a felony. I knew that my possession of the firearm was prohibited by law because I was a convicted felon." [Movant] again confirmed that

---

[6] While Movant argues counsel's alleged failure to investigate rendered his plea unknowing and involuntary, Movant does not offer any specifics regarding this claim. Claims of a failure to investigate are typically waived by a voluntary and knowing plea. *Glinsey*, 209 F.3d at 392.

12

the information in the factual basis was true and correct during an interview with a probation officer.

In support of his argument that he received ineffective assistance of counsel, [Movant] asserted in his motion to withdraw that Morgan failed to "investigate [Movant's] conduct, analyze discovery material, and research case law to determine whether . . . [Movant's] alleged conduct was within the parameters of the statute [Movant] was deemed to violate." On appeal, [Movant] additionally invokes his prior contention that he pleaded guilty to protect Morgan.

[Movant's] prior sworn statements at rearraignment are in tension with [Movant's] ineffective assistance arguments.[7] During his plea hearing, as noted by the magistrate judge, [Movant] confirmed that he was "fully satisfied" with Morgan's representation and specifically testified that he and Morgan had discussed all elements of his indictment, the facts of his case and any defense to his charge, the Federal Sentencing Guidelines, his full plea agreement, and the entire factual basis to his plea agreement.

Contrary to [Movant's] subsequent assertion that he pleaded guilty to protect Morgan, [Movant] previously stated at his plea hearing that no one had attempted to force, threaten, coerce, or make him plead guilty, that he was not entering his plea to help anyone else, and that he was entering into the plea of his own free will. We give significant weight to a defendant's sworn testimony that his plea is voluntary and uncoerced. *See Clark*, 931 F.2d at 295 ("[T]he defendant's declaration in open court that his plea is not the product of threats or coercion carries a strong presumption of veracity.") (citation omitted); *accord Lampazianie*, 251 F.3d at 524. Given [Movant's] consistent testimony that he understood the elements of his charge and the consequences of his plea, and that his plea was uncoerced and the result of thorough consultation with his attorney, we conclude that the district court did not clearly err in finding that the sixth *Carr* factor weighed against withdrawal.

---

[7] Although not relied upon by [Movant], *United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014), is instructively distinguishable from this case. In *Urias-Marrufo*, we vacated and remanded a district court's denial of the defendant's plea withdrawal motion because the district court erroneously held that it *could not* address the defendant's ineffective assistance of counsel claim in connection with the defendant's motion to withdraw her plea. Here, the magistrate judge and district court did consider [Movant's] ineffective assistance of counsel argument in connection with [Movant's] assertion that his plea was involuntary and found the argument to lack sufficient merit, utilizing the *Carr* factors, to justify withdrawal of his plea. Notably, the government is careful to acknowledge that our decision "will not prejudice [Movant's] right to raise ineffective assistance of counsel in a motion to vacate under 28 U.S.C. § 2255."

*Strother*, 977 F.3d at 445-446.

Here, on a fully developed record on federal habeas review, it is clear the overwhelming evidence of guilt which existed against Movant along with Movant's statements made in open court show Movant's decision to plead guilty was a voluntary one based on counsel's reasoned advice to Movant that it was in his best interest to plead guilty. The record, as well as Movant's statements, show Movant's choice to plead guilty was a voluntary choice among the alternative courses of action open to him. "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge*, 431 U.S. at 73–74). In light of the statements Movant made in open court, it cannot be concluded that Movant's plea was involuntary or unknowingly entered. The record demonstrates Movant's plea was knowing, voluntary and intelligent. Movant has failed to show either deficient performance or prejudice relating to his claims. Accordingly, Movant's claim that his plea was involuntary is without merit. As Movant's plea was knowing and voluntary, any claim of ineffective assistance of counsel for failure to investigate is waived. *Glinsey*, 209 F.3d at 392.[8]

### B.   Counsel was not Ineffective

As to Movant's claim that Morgan operated under some conflict of interest, Movant does not specify what this conflict of interest might be. As a result, this claim is conclusory and should

---

[8] To the extent this claim is not waived, the claim is conclusory as Movant offers no specifics as to what trial counsel failed to investigate and how any such investigation would have changed the outcome of the trial. Movant "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Movant, here, failed to do so. Furthermore, Movant admitted to each essential element of the § 922(g)(1) charge. It is unclear, on the present record, how any additional investigation would have altered the plea process.

be denied. *Ross*, 694 F.2d at 1012 ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding."). Alternatively, to the extent this claim should be construed as one that Movant and Morgan disagreed about calling Movant's girlfriend as a witness at trial, "disagreement about strategic litigation decisions is not a conflict of interest." *United States v. Fields*, 483 F.3d 313, 353 (5th Cir. 2007). The record firmly reflects that Morgan did not want to call Movant's girlfriend as a witness because he did not want to suborn perjury in violation of 18 U.S.C. § 1622, which could have subjected him to disbarment, fines and up to five years' imprisonment. Moreover, Movant affirmed, under oath, at the change of plea hearing "that he knew that he was in possession of the firearm that was found in the trunk of the car." Movant's admission, as outlined above, carries a "strong presumption of verity" and any testimony to the contrary at trial would have been perjury. Counsel was not ineffective and this claim is denied.

As to Movant's claim that Morgan failed to discuss the elements of the charge with him, the record, as discussed above by the Fifth Circuit Court of Appeals, directly refutes this assertion. This claim of ineffective assistance of counsel is denied as baseless.

Finally, with respect to Movant's Claim that Morgan was ineffective as his defense strategy differed from Movant's with respect to withdrawing his guilty plea, the record here too firmly establishes counsel was not ineffective. Movant admits that he and Morgan "disagreed as to whether there was a claim of innocence" in evaluating the *Carr* factors and Morgan did not believe that Movant should move to withdraw his guilty plea. Morgan's advice here was sound and cannot be deemed ineffective. Given Movant's consistent, repeated statements in court affirming he understood the required elements of his charge up until the time of his motion to withdraw his guilty plea, counsel could easily predict the futility in such an argument and the

potential consequences in doing so, including perjury, losing acceptance of responsibility, and an obstruction of justice charge. Regardless, Movant cannot show prejudice as Movant terminated the attorney-client relationship with Morgan and was appointed new counsel to represent him in moving to withdraw his guilty plea. This claim of ineffective assistance of counsel is denied.

IV.     Conclusion

Movant's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

Furthermore, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 22nd day of August, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE